```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916) 554-2723

 5  Attorney for Plaintiff

 6

 7

 8                IN THE UNITED STATES DISTRICT COURT

 9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )   2:06-CV-02777-FCD-KJM
                                     )
12            Plaintiff,             )   JOINT REQUEST FOR STAY and
                                     )   ORDER
13       v.                          )
                                     )
14  APPROXIMATELY $28,121.22 IN U.S. )
    CURRENCY SEIZED FROM BANK OF     )
15  AMERICA ACCOUNT NO. 03035-08079, )
    HELD IN THE NAME OF SMART BUY INC.,)
16                                   )
    APPROXIMATELY $1,749.09 IN U.S.  )
17  CURRENCY SEIZED FROM WASHINGTON  )
    MUTUAL ACCOUNT NO. 192-009936-3, )
18  HELD IN THE NAMES OF TINA MONJAZEB )
    AND ALI TAVAF,                   )
19                                   )
    APPROXIMATELY $277.84 IN U.S.    )
20  CURRENCY SEIZED FROM UNION BANK OF )
    CALIFORNIA ACCOUNT NO. 0361162472, )
21  HELD IN THE NAME OF LANGROUDI    )
    FAMILY LIVING TRUST,             )
22                                   )
    APPROXIMATELY $128,000.00 IN U.S. )
23  CURRENCY SEIZED FROM UNION BANK OF )
    CALIFORNIA ACCOUNT NO. 797540, HELD)
24  IN THE NAME OF LANGROUDI FAMILY  )
    LIVING TRUST,                    )
25                                   )
    APPROXIMATELY $38,225.00 IN U.S. )
26  CURRENCY,                        )
                                     )
27  APPROXIMATELY $4,033.00 IN U.S.  )

28                                1
```

```
 1  CURRENCY,                                  )
                                               )
 2  APPROXIMATELY $1,775.51 IN MONEY           )
    ORDERS,                                    )
 3                                             )
    APPROXIMATELY $12,520.00 IN U.S.           )
 4  CURRENCY,                                  )
                                               )
 5  APPROXIMATELY $1,361.00 IN U.S.            )
    CURRENCY, AND                              )
 6                                             )
    MISCELLANEOUS OTHER TOBACCO                )
 7  PRODUCTS,                                  )
                                               )
 8             Defendants.                     )
                                               )
 9
```

10      Plaintiff United States of America and claimant Ali Tavaf, aka
11 Ali Langroudi, submit the following Joint Request for Stay and
12 request that the Court enter an order staying all further
13 proceedings for six months, until July 20, 2007.  The parties make
14 this request for the following reasons:
15      1.   Pursuant to 18 U.S.C. §§ 981(g)(1), and 981(g)(2) the
16 parties seek a stay of further proceedings in this civil forfeiture
17 case.  The United States contends that the defendant currency,
18 money orders, and miscellaneous tobacco products (collectively
19 referred to as the "defendant assets") are forfeitable to the
20 United States because they are the proceeds of mail and/or wire
21 fraud, and/or are traceable to money laundering offenses.  The
22 details of the underlying criminal investigation are set forth in
23 detail the affidavit of Special Agent Gregory L. Barnett, U.S.
24 Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and
25 Explosives, attached as Exhibit A to the Complaint for Forfeiture
26 In Rem filed on December 8, 2006.
27      2.   The defendant assets were seized from multiple locations

in Los Angeles, California, during the execution of multiple search warrants and seizure warrants in October, 2006.

3.   The United States intends to depose claimant Tavaf so the United States can question him about various topics, including but not limited to his knowledge of the operation of Sunrise Tobacco, Smart Buy, DaBomb, Save a Buck Distributing, and others, and their payment, or non-payment, of excise taxes due to the State of California, Board of Equalization, in connection with the sale of tobacco products.  Counsel for claimant Tavaf has informed counsel for the government that if discovery proceeds, Tavaf would be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to protect his interest in the defendant assets, or waiving his Fifth Amendment right and submitting to a deposition and potentially incriminating himself in a related criminal investigation.  If Tavaf invokes his Fifth Amendment right, the United States will be deprived of the ability to explore the factual basis for the claim he filed with this Court.

4.   In addition, claimant intends to depose federal law enforcement officers involved in the investigation that led to the issuance of the search warrants and seizure warrants.  Allowing depositions of the law enforcement investigators involved in the criminal investigation would adversely affect the ability of the U.S. Attorney's Office to properly investigate and prosecute their case.

5.   Accordingly, the parties recognize that proceeding with this action at this time has potential adverse affects on the

related criminal investigation and/or upon claimant's ability to prove his claim that the defendant assets belongs to him, and that they came from legitimate sources. For these reasons, the parties jointly request that this matter be stayed for a period of six months until July 20, 2007. At that time the parties will advise the court of the status of the criminal investigation and will, if necessary, seek a further stay.

Dated: February 20, 2007
McGREGOR W. SCOTT
United States Attorney

/s/ Kristin S. Door
KRISTIN S. DOOR
Assistant U.S. Attorney

Dated: February 23, 2007
/s/ Harvey Byron
HARVEY BYRON
Attorney for claimant
Ali Tavaf, aka Ali Langroudi
(Original signature retained in Plaintiff's file)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until July 20, 2007. On or before July 20, 2007, the parties will advise the court of the status of the related investigation and whether a further stay is necessary.

IT IS SO ORDERED.

Dated: March 7, 2007

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

4