```
McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2723

Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )  | 2:06-CV-02777-FCD-KJM |
| )  | |
|        Plaintiff,          )  | JOINT REQUEST FOR STAY and |
| )  | **ORDER THEREON** |
|   v.                                  )  | |
| )  | |
| APPROXIMATELY $28,121.22 IN U.S.    )  | |
| CURRENCY SEIZED FROM BANK OF        )  | |
| AMERICA ACCOUNT NO. 03035-08079,    )  | |
| HELD IN THE NAME OF SMART BUY INC.,) | |
| )  | |
| APPROXIMATELY $1,749.09 IN U.S.     )  | |
| CURRENCY SEIZED FROM WASHINGTON     )  | |
| MUTUAL ACCOUNT NO. 192-009936-3,    )  | |
| HELD IN THE NAMES OF TINA MONJAZEB  )  | |
| AND ALI TAVAF,                      )  | |
| )  | |
| APPROXIMATELY $277.84 IN U.S.       )  | |
| CURRENCY SEIZED FROM UNION BANK OF  )  | |
| CALIFORNIA ACCOUNT NO. 0361162472,  )  | |
| HELD IN THE NAME OF LANGROUDI       )  | |
| FAMILY LIVING TRUST,                )  | |
| )  | |
| APPROXIMATELY $128,000.00 IN U.S.   )  | |
| CURRENCY SEIZED FROM UNION BANK OF  )  | |
| CALIFORNIA ACCOUNT NO. 797540, HELD)  | |
| IN THE NAME OF LANGROUDI FAMILY     )  | |
| LIVING TRUST,                       )  | |
| )  | |
| APPROXIMATELY $38,225.00 IN U.S.    )  | |
| CURRENCY,                           )  | |
| )  | |
| APPROXIMATELY $4,033.00 IN U.S.     )  | |

| | |
|---|---|
| 1 | CURRENCY, ) |
| | ) |
| 2 | APPROXIMATELY $1,775.51 IN MONEY ) |
| | ORDERS, ) |
| 3 | ) |
| | APPROXIMATELY $12,520.00 IN U.S. ) |
| 4 | CURRENCY, ) |
| | ) |
| 5 | APPROXIMATELY $1,361.00 IN U.S. ) |
| | CURRENCY, AND ) |
| 6 | ) |
| | MISCELLANEOUS OTHER TOBACCO ) |
| 7 | PRODUCTS, ) |
| | ) |
| 8 | Defendants. ) |
| | _____) |
| 9 | |

10   Plaintiff United States of America and claimant Ali Tavaf, aka
11 Ali Langroudi, submit the following Joint Request for Stay and
12 request that the Court enter an order staying all further
13 proceedings for six months, until January 20, 2008.  The Court
14 previously entered an order staying all proceedings until July 20,
15 2007.  The parties request that the stay be extended an additional
16 six months for the following reasons:

17   1.  Pursuant to 18 U.S.C. §§ 981(g)(1), and 981(g)(2) the
18 parties seek a stay of further proceedings in this civil forfeiture
19 case.  The United States contends that the defendant currency,
20 money orders, and miscellaneous tobacco products (collectively
21 referred to as the "defendant assets") are forfeitable to the
22 United States because they are the proceeds of mail and/or wire
23 fraud, and/or are traceable to money laundering offenses.  The
24 details of the underlying criminal investigation are set forth in
25 detail the affidavit of Special Agent Gregory L. Barnett, U.S.
26 Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and
27 Explosives, attached as Exhibit A to the Complaint for Forfeiture

28

1 | In Rem filed on December 8, 2006.

2 |       2.    The defendant assets were seized from multiple locations in Los Angeles, California, during the execution of multiple search warrants and seizure warrants in October, 2006.

5 |       3.    The United States intends to depose claimant Tavaf so the United States can question him about various topics, including but not limited to his knowledge of the operation of Sunrise Tobacco, Smart Buy, DaBomb, Save a Buck Distributing, and others, and their payment, or non-payment, of excise taxes due to the State of California, Board of Equalization, in connection with the sale of tobacco products.  Counsel for claimant Tavaf has informed counsel for the government that if discovery proceeds, Tavaf would be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to protect his interest in the defendant assets, or waiving his Fifth Amendment right and submitting to a deposition and potentially incriminating himself in a related criminal investigation.  If Tavaf invokes his Fifth Amendment right, the United States will be deprived of the ability to explore the factual basis for the claim he filed with this Court.

21 |      4.    In addition, claimant intends to depose federal law enforcement officers involved in the investigation that led to the issuance of the search warrants and seizure warrants.  However, the investigation is still ongoing, and allowing depositions of the law enforcement investigators involved in the criminal investigation would adversely affect the ability of the U.S. Attorney's Office to properly investigate and prosecute their case.

5. Accordingly, the parties recognize that proceeding with this action at this time has potential adverse affects on the related criminal investigation and/or upon claimant's ability to prove his claim that the defendant assets belongs to him, and that they came from legitimate sources.  For these reasons, the parties jointly request that this matter be stayed an additional six months until January 20, 2008.  At that time the parties will advise the court of the status of the criminal investigation and will, if necessary, seek a further stay.

Dated: July 11, 2007            McGREGOR W. SCOTT
                                United States Attorney


                          By    /s Kristin S. Door
                                KRISTIN S. DOOR
                                Assistant U.S. Attorney

Dated: July 26, 2007            /s/ Harvey Byron
                                HARVEY BYRON
                                Attorney for claimant
                                Ali Tavaf, aka Ali Langroudi
                                (Original signature retained in
                                Plaintiff's file)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until January 20, 2008.  On or before January 20, 2008, the parties will advise the court of the status of the related investigation and whether a further stay is necessary.

IT IS SO ORDERED.

Dated: July 31, 2007            _____
                                FRANK C. DAMRELL, JR.
                                UNITED STATES DISTRICT JUDGE

4