```
LAWRENCE G. BROWN
Acting United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2723

Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:06-CV-02777-FCD-KJM |
| | ) | |
| Plaintiff, | ) | JOINT REQUEST FOR STAY and |
| | ) | **ORDER THEREON** |
| v. | ) | |
| | ) | |
| APPROXIMATELY $28,121.22 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NO. 03035-08079, HELD IN THE NAME OF SMART BUY INC., | ) ) ) ) | |
| | ) | |
| APPROXIMATELY $1,749.09 IN U.S. CURRENCY SEIZED FROM WASHINGTON MUTUAL ACCOUNT NO. 192-009936-3, HELD IN THE NAMES OF TINA MONJAZEB AND ALI TAVAF, | ) ) ) ) ) | |
| | ) | |
| APPROXIMATELY $277.84 IN U.S. CURRENCY SEIZED FROM UNION BANK OF CALIFORNIA ACCOUNT NO. 0361162472, HELD IN THE NAME OF LANGROUDI FAMILY LIVING TRUST, | ) ) ) ) ) | |
| | ) | |
| APPROXIMATELY $128,000.00 IN U.S. CURRENCY SEIZED FROM UNION BANK OF CALIFORNIA ACCOUNT NO. 797540, HELD IN THE NAME OF LANGROUDI FAMILY LIVING TRUST, | ) ) ) ) ) | |
| | ) | |
| APPROXIMATELY $38,225.00 IN U.S. CURRENCY, | ) ) | |
| | ) | |
| APPROXIMATELY $4,033.00 IN U.S. | ) | |

1

CURRENCY, )
)
APPROXIMATELY $1,775.51 IN MONEY ORDERS, )
)
APPROXIMATELY $12,520.00 IN U.S. CURRENCY, )
)
APPROXIMATELY $1,361.00 IN U.S. CURRENCY, AND )
)
MISCELLANEOUS OTHER TOBACCO PRODUCTS, )
)
Defendants. )
______________________________________)

Plaintiff United States of America and claimant Ali Tavaf, aka Ali Langroudi, submit the following Joint Request for Stay and request that the Court enter an order staying all further proceedings for six months, until July 20, 2009. The Court previously entered an order staying all proceedings until January 20, 2009. The parties request that the stay be extended an additional six months for the following reasons:

1. Pursuant to 18 U.S.C. §§ 981(g)(1), and 981(g)(2) the parties seek a stay of further proceedings in this civil forfeiture case. The United States contends that the defendant currency, money orders, and miscellaneous tobacco products (collectively referred to as the "defendant assets") are forfeitable to the United States because they are the proceeds of mail and/or wire fraud, and/or are traceable to money laundering offenses. The details of the underlying criminal investigation are set forth in detail the affidavit of Special Agent Gregory L. Barnett, U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, attached as Exhibit A to the Complaint for Forfeiture

1 | In Rem filed on December 8, 2006.
2 |     2.   The defendant assets were seized from multiple locations
3 | in Los Angeles, California, during the execution of multiple search
4 | warrants and seizure warrants in October, 2006.
5 |     3.   The United States intends to depose claimant Tavaf so the
6 | United States can question him about various topics, including but
7 | not limited to his knowledge of the operation of Sunrise Tobacco,
8 | Smart Buy, DaBomb, Save a Buck Distributing, and others, and their
9 | payment, or non-payment, of excise taxes due to the State of
10 | California, Board of Equalization, in connection with the sale of
11 | tobacco products.  Counsel for claimant Tavaf has informed counsel
12 | for the government that if discovery proceeds, Tavaf would be
13 | placed in the difficult position of either invoking his Fifth
14 | Amendment right against self-incrimination and losing the ability
15 | to protect his interest in the defendant assets, or waiving his
16 | Fifth Amendment right and submitting to a deposition and
17 | potentially incriminating himself in a related criminal
18 | investigation.  If Tavaf invokes his Fifth Amendment right, the
19 | United States will be deprived of the ability to explore the
20 | factual basis for the claim he filed with this Court.
21 |     4.   In addition, claimant intends to depose federal law
22 | enforcement officers involved in the investigation that led to the
23 | issuance of the search warrants and seizure warrants.   However,
24 | the investigation is still ongoing, and allowing depositions of the
25 | law enforcement investigators involved in the criminal
26 | investigation would adversely affect the ability of the U.S.
27 | Attorney's Office to properly investigate and prosecute their case.
28 |

    5.  Accordingly, the parties recognize that proceeding with this action at this time has potential adverse affects on the related criminal investigation and/or upon claimant's ability to prove his claim that the defendant assets belongs to him, and that they came from legitimate sources.  For these reasons, the parties jointly request that this matter be stayed an additional six months until July 20, 2009.  At that time the parties will advise the court of the status of the criminal investigation and will, if necessary, seek a further stay.

Dated: January 15, 2009          LAWRENCE G. BROWN
                                 Acting United States Attorney


                           By    /s Kristin S. Door
                                 KRISTIN S. DOOR
                                 Assistant U.S. Attorney


Dated: January 15, 2009          /s/ Harvey Byron
                                 HARVEY BYRON
                                 Attorney for claimant
                                 Ali Tavaf, aka Ali Langroudi
                                 (Original signature retained in
                                 Plaintiff's file)

**ORDER**

    For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until July 20, 2009.  On or before July 20, 2009, the parties will advise the court of the status of the related investigation and whether a further stay is necessary.

    IT IS SO ORDERED.

Dated: January 15, 2009          _____
                                 FRANK C. DAMRELL, JR.
                                 UNITED STATES DISTRICT JUDGE

4