```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )  2:06-CV-02777-FCD-KJM
                                     )
12          Plaintiff,               )  FINAL JUDGMENT OF
                                     )  FORFEITURE
13      v.                           )
                                     )
14  APPROXIMATELY $28,121.22 IN U.S. )
    CURRENCY SEIZED FROM BANK OF     )
15  AMERICA ACCOUNT NO. 03035-08079, )
    HELD IN THE NAME OF SMART BUY INC.,)
16                                   )
    APPROXIMATELY $1,749.09 IN U.S.  )
17  CURRENCY SEIZED FROM WASHINGTON  )
    MUTUAL ACCOUNT NO. 192-009936-3, )
18  HELD IN THE NAMES OF TINA MONJAZEB )
    AND ALI TAVAF,                   )
19                                   )
    APPROXIMATELY $277.84 IN U.S.    )
20  CURRENCY SEIZED FROM UNION BANK OF )
    CALIFORNIA ACCOUNT NO. 0361162472, )
21  HELD IN THE NAME OF LANGROUDI    )
    FAMILY LIVING TRUST,             )
22                                   )
    APPROXIMATELY $128,000.00 IN U.S. )
23  CURRENCY SEIZED FROM UNION BANK OF )
    CALIFORNIA ACCOUNT NO. 797540, HELD)
24  IN THE NAME OF LANGROUDI FAMILY  )
    LIVING TRUST,                    )
25                                   )
    APPROXIMATELY $38,225.00 IN U.S. )
26  CURRENCY,                        )
                                     )
27  APPROXIMATELY $4,033.00 IN U.S.  )
    CURRENCY,                        )
28                                   )
    APPROXIMATELY $1,775.51 IN MONEY )
```

```
 1  ORDERS,                                  )
                                             )
 2  APPROXIMATELY $12,520.00 IN U.S.         )
    CURRENCY,                                )
 3                                           )
    APPROXIMATELY $1,361.00 IN U.S.          )
 4  CURRENCY, AND                            )
                                             )
 5  MISCELLANEOUS OTHER TOBACCO              )
    PRODUCTS,                                )
 6                                           )
                  Defendants.                )
 7  _____     )
```

8    Pursuant to the Stipulation for Final Judgment of
9 Forfeiture, the Court finds as follows:

10   1.  This is a civil forfeiture action against the above-
11 captioned assets seized on October 17, 2006, by the Bureau of
12 Alcohol, Tobacco, Firearms, and Explosives ("ATF").

13   2.  A Complaint for Forfeiture In Rem (hereafter
14 "Complaint") was filed on or about December 8, 2006, seeking the
15 forfeiture of the defendant assets, alleging that said assets are
16 subject to forfeiture to the United States pursuant to 18 U.S.C.
17 §§ 981(a)(1)(A) and 981(a)(1)(C).

18   3.  On or about December 8, 2006, the Clerk issued a
19 Warrant for Arrest of Articles In Rem for the defendant assets,
20 and that warrant was duly executed on December 22 and 26, 2006,
21 and January 2, 2007.

22   4.  On January 2, 2007, the ATF personally served copies of
23 the complaint, application and order for publication, warrant for
24 arrest, order setting status conference, notice of related cases,
25 court notices, and notice of forfeiture action on Ali Tavaf aka
26 Ali Langroudi (hereafter "Tavaf") and Tina Monjazeb.

27   5.  On or about February 1, 8, and 15, 2007, a Public Notice
28 of Arrest and Seizure of the defendant assets appeared by

publication in the <u>Metropolitan News-Enterprise</u>, a newspaper of general circulation in the county in which the defendant assets were seized (Los Angeles). The Proof of Publication was filed with the Court on March 1, 2007.

    6. Tavaf filed a Statement of Interest on February 3, 2007, alleging that he has an ownership interest in the defendant Approximately $128,000.00 in U.S. currency seized from Union Bank of California Account No. 797540, held in the name of Langroudi Family Living Trust.

    7. Apart from claimant Tavaf, no other parties have filed claims or answers in this matter and the time for which any person or entity may file a claim and answer has expired.

    8. The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Tina Monjazeb on March 16, 2007. Pursuant to Local Rule A-540, the United States and claimant Tavaf thus join in a request that as part of the Final Judgment of Forfeiture in this case the Court enter a default judgment against the interest, if any, of Tina Monjazeb without further notice.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

    1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

    2. That judgment is hereby entered against claimant Tavaf and all other potential claimants who have not filed claims in this action.

3. That all right, title and interest in the following defendant assets shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), to be disposed of according to law:

    a. Approximately $28,121.22 in U.S. currency seized from Bank of America Account No. 03035-08079, held in the Name of Smart Buy Inc.,

    b. Approximately $1,749.09 in U.S. currency seized from Washington Mutual Account No. 192-009936-3, held in the names of Tina Monjazeb and Ali Tavaf,

    c. Approximately $277.84 in U.S. currency seized from Union Bank of California Account No. 0361162472, held in the name of Langroudi Family Living Trust,

    d. Approximately $128,000.00 in U.S. currency seized from Union Bank of California Account No. 797540, held in the name of Langroudi Family Living Trust,

    e. Approximately $38,225.00 in U.S. currency,

    f. Approximately $4,033.00 in U.S. currency,

    g. Approximately $1,775.51 in Money Orders,

    h. Approximately $12,520.00 in U.S. currency,

    i. Approximately $1,361.00 in U.S. currency, and

    j. Miscellaneous Other Tobacco Products.

4. That plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant assets. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or

disclosed.  The parties waive the provisions of California Civil Code § 1542.

    5.   Claimant Tavaf waives any and all claim or right to interest that may have accrued on the defendant assets being forfeited to the United States.

    6.   That pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on or about December 8, 2006, the Court finds that there was reasonable cause for the seizure and arrest of the defendant assets, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

    7.   That all parties are to bear their own costs and attorney fees, if any.

    8.   The parties understand that the California State Board of Equalization may submit a petition for remission to the Attorney General of the United States, pursuant to the regulations found at 28 C.F.R. § 9.  In the alternative, or in addition to the petition for remission, the United States Attorney's Office may submit a restoration request to the Attorney General of the United States, pursuant to 18 U.S.C. § 981((e)(6), requesting that all or some of the assets being forfeited be applied to a restitution order, if any, entered against claimant Tavaf in a related federal criminal prosecution. Claimant Tavaf understands that the decision to grant the remission or restoration request lies solely within the Attorney General's discretion, and that if the Attorney General denies the

///

///

remission or restoration request, that decision shall have no effect on the Stipulation filed herein.

SO ORDERED THIS 13th day of November, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein and the allegations set forth in the Complaint filed December 8, 2006, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant assets.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE